**Sarah MAZHARI–RAVESH, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 04–71087.**

United States Court of Appeals, Ninth Circuit.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Submitted May 12, 2005.**

Decided June 15, 2005.

Judith L. Wood, Esq., Jesse A. Moorman, Esq., Law Offices of Judith L. Wood, Los Angeles, CA, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Regional Counsel, Federal Bureau of Prisons, Dublin, CA, Marshall Tamor Golding, Esq., Paul Fiorino, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM ***

Sarah Mazhari–Ravesh, a native and citizen of Iran, petitions for review of the decision of the Board of Immigration Appeals (BIA) summarily affirming the decision of the immigration judge (IJ) denying her application for asylum, withholding of deportation, and relief under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We review for substantial evidence and will uphold the BIA's determination unless the evidence compels a contrary result. *Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002). We deny the petition.

■ Substantial evidence supports the IJ's determination that the difficulties experienced by Mazhari–Ravesh are not based upon her own political opinion or an imputed political opinion and are not based upon her membership in the social group consisting of her family. Several members of her family continue to live in Iran without harm. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001).

■ Substantial evidence supports the IJ's determination that the difficulties experienced by Mazhari–Ravesh, including denial of the continuation of her university studies and cancellation of her passport because she did not secure her husband's written permission, do not rise to the level of persecution. "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995). We have agreed with the BIA that Iran's enforcement of dress and conduct rules regarding women may seem harsh by Western standards but does not rise to the level of persecution. *Fisher v. INS,* 79 F.3d 955, 961 (9th Cir. 1996) (en banc). Substantial evidence supports the IJ's determination that Mazhari–Ravesh does not have a well-founded fear of persecution if she returned to Iran and the evidence does not compel a contrary result. *See id.* at 962–63.

■ Because Mazhari–Ravesh failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See id.* at 960–61, 965. Mazhari–Ravesh has also failed to meet the standard for CAT relief. *See* 8 C.F.R. § 208.16(c)(2); *Ka-*

*malthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

### PETITION FOR REVIEW DENIED.